959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelton Noel HAYNES, Plaintiff-Appellant,
v.
John K. VAN DE KAMP, Esq., Attorney General of the State of
California; Harold Lee Evans; Gary Edward
Murphy; Ross G. Beronda; Jane Cusack;
Lantz Lewis, Defendants-Appellees.
 No. 90-55560.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shelton Noel Haynes, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for damages for failure to state a claim.[1] We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 Haynes challenges the introduction of a victim's hypnotically enhanced testimony at his criminal trial in July 1981. While Haynes's direct appeal was pending in the California Court of Appeal, the California Supreme Court adopted a per se rule excluding hypnotically enhanced testimony in State v. Shirley, 31 Cal.3d 18, 66-67, 181 Cal.Rptr. 243, 723 P.2d 1354, cert. denied, 459 U.S. 860 (1982). Haynes's counsel then argued on direct appeal that Haynes's conviction should be overturned based on Shirley. The Court of Appeal rejected the argument and affirmed his conviction on May 23, 1983. His petition for review to the California Supreme Court was denied on August 11, 1983. Subsequently, the California Supreme Court determined that Shirley applies retroactively to all convictions that were not yet final on March 11, 1982, the date Shirley was decided. See State v. Guerra, 37 Cal.3d 385, 390, 208 Cal.Rptr. 162, 163-64, 690 P.2d 635 (1984). Haynes then filed a habeas corpus petition with the California Supreme Court with the assistance of counsel to seek retroactive application of Shirley. The petition was denied on November 20, 1986. Haynes's subsequent federal habeas corpus petition also was denied.
 
 
 4
 Haynes contends that the introduction of the victim's hypnotically enhanced testimony denied him a fair trial. He names as defendants the officers who hypnotized the victim, the prosecutors at his trial, and the California state attorney general, whose office prosecuted the case on appeal.
 
 
 5
 The prosecutors are absolutely immune from section 1983 liability for damages for their actions taken "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976); see Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Moreover, the police officers are entitled to qualified immunity because their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Guerra, 37 Cal.3d at 390 (California adopted per se rule against the admissibility of hypnotically enhanced testimony after Hayne's victim was hypnotized); see also United States v. Adams, 581 F.2d 193, 198-99 (9th Cir.) (under federal law, "the fact of hypnosis affects credibility but not admissibility"), cert. denied, 439 U.S. 1006 (1978).
 
 
 6
 Haynes also contends that the district court erred by denying his motion for appointment of counsel and holding a hearing in his absence on the defendants' motion to dismiss. Because Haynes's claims are relatively straightforward, the district court did not err by denying the motion for appointment of counsel. See Wilborn v. Escaldaron, 789 F.2d 1328, 1331 (9th Cir.1986). To the extent Haynes may be asserting that he was entitled to appear and argue his case, his assertion lacks merit. See FCC v. Station WJR, 337 U.S. 265, 276 (1949).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Haynes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On March 13, 1990, Haynes filed a notice of appeal from the district court's February 27, 1990 order dismissing some of the defendants with prejudice. A district court's order which adjudicates the rights and liabilities of fewer than all the parties is not an appealable order unless the district court directs entry of judgment pursuant to Fed.R.Civ.P. 54(b). See Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981). We construe Haynes's October 10, 1990 letter forwarding additional copies of his opening brief as a timely notice of appeal from the district court's September 28, 1990 dissmisal of the remaining defendant. See Smith v. Barry, 112 S.Ct. 678, 680, 682 (1992)