Michael R. BOYKIN, et al., Plaintiffs,

v.

**BLOOMSBURG UNIVERSITY OF PENNSYLVANIA, et al., Defendants.**

No. 4:CV–94–306.

United States District Court, M.D. Pennsylvania.

July 7, 1995.

Robert S. Mirin, Harrisburg, PA, for plaintiffs.

R. Douglas Sherman, Atty. Gens. Office, Harrisburg, PA, for defendants Dr. Harry Ausprich, Lt. Deborah Barnes, University of Bloomsburg, Charles Confer, Timothy Downs, Dr. Curtis English, Margaret Manning, Dr. Robert Parrish, Sallie Samsel, John Walker and Irvin Wright.

Sarah M. Bricknell, Buchanon Ingersoll, P.C., Harrisburg, PA, for defendant Virginia McAfee.

Sean P. McDonough, Dougherty, Leventhal & Price, Scranton, PA, for defendant William Kreisher.

Samuel E. Klein, Jacquelyn J. Fatula, Dechert, Price & Rhoads, Philadelphia, PA, for defendants Press Enterprise, Inc., and Paul Eyerly, III, Publisher of Press Enterprise.

*OPINION*

MUIR, District Judge.

I.  Introduction and Background.

This order relates only to Defendant William S. Kreisher, Esquire, District Attorney of Columbia County. Kreisher is being sued individually and in his official capacity as the District Attorney of Columbia County, Pennsylvania.

On March 2, 1994, Plaintiffs Michael R. Boykin, Margaret L. Boykin, and Aaron M. Boykin filed a complaint in this Court against several Defendants. On May 9, 1994, the Boykins filed a virtually identical complaint based upon the same facts in Court of Common Pleas of Columbia County, Pennsylvania, which was removed to this Court on May 31, 1994. The two cases were consolidated on June 15, 1994.

On July 14, 1994, we issued an order in which we granted Kreisher's motion to dismiss as to Counts III, IV, and V of the Boykins' complaint.

On January 31, 1995, Kreisher filed a motion for summary judgment and a brief in support thereof. On February 2, 1995, Kreisher filed a statement of material facts and his own affidavit in support of his motion for summary judgment.

On February 22, 1995, we issued an order in which we granted the Boykins' motion for a substantial extension of time, until March 24, 1995, to respond to Kreisher's motion for summary judgment as well as other motions for summary judgment filed by other Defendants in this case. The Boykins subsequently obtained an additional 3–week enlargement of time to respond to Kreisher's motion for summary judgment as a result of a then pending motion for disqualification of the undersigned judge filed in this case. Similarly, in Order No. 2 of April 19, 1995, we reluctantly allowed the Boykins an additional 15 days to respond to Kreisher's motion for summary judgment. In our order of April 19, 1995, we stated that "[t]he Boykins shall receive no further extensions of time absent exigent circumstances." In order No. 2 of May 3, 1995, we allowed the Boykins an additional extension of time within which to respond to Kreisher's motion for summary

judgment. Furthermore, on May 10, 1995, we granted the Boykins' "Emergency Motion For Brief Extension Of Time," until May 18, 1995, within which to file a response to Kreisher's motion for summary judgment.

On May 18, 1995, the Boykins finally filed a brief in opposition to Kreisher's motion for summary judgment and a so-called response to Kreisher's statement of material facts. The Boykins also filed individual declarations of Michael Boykin, Margaret Boykin, Howard B. Johnson, and George Mitchell as well as a binder of documents comprised of miscellaneous documents following a declaration of George Mitchell with the caption on it of the case of Mitchell vs. Bloomsburg University, et. al, 93–1870 (M.D.Pa.) (McClure J.).

The individual declarations of Michael Boykin, Margaret Boykin, and George Mitchell were defective because they were not sworn to and were unsigned.

On May 22, 1995, we issued an order in which we deemed withdrawn pursuant to Local Rule 7.5 the Boykins' "Motion To Supplement Record" because they had failed to file a brief in support of their motion.

On May 26, 1995, the Boykins filed a "Motion To Lodge Documents." In this motion, the Boykins requested leave to file corrected declarations as well additional documents in opposition to the Defendants' motions for summary judgment. Along with the motion, the Boykins filed corrected declarations of Michael Boykin, Margaret Boykin, George Mitchell, and Howard Johnson. In addition to the declarations, the Boykins also filed two volumes of other documents which were not included in their original responses. Volume I is comprised largely of transcripts relating to the criminal proceedings against Michael Boykin from late 1992 and 1993. Volume II contains nothing but 1992 and 1993 newspaper articles and a portion of one transcript from the 1993 trial of Michael Boykin.

In order number 1 of May 30, 1995, we required the parties to brief the issue raised in the Boykins' motion to lodge documents. On June 5, 1995, the Boykins filed a brief in support of their motion to lodge documents. On June 7, 1995, the Commonwealth Defendants filed a brief in opposition to the Boykins' motion to lodge documents. On June 12, 1995, we denied the Boykins' emergency motion filed on the date their reply brief was due for an extension of time within which to file a reply brief. On June 13, 1995, we issued an order in which we granted the Boykins' motion to lodge documents. Therefore, Kreisher's motion for summary judgment became ripe for disposition on June 13, 1995.

The individual declarations of Michael Boykin, Margaret Boykin and George Mitchell are based largely on speculation, hearsay, and otherwise inadmissible opinion. The declaration of George Mitchell largely does not even concern the Boykins. Where it does, it expresses Mitchell's opinions and speculation and fails adequately to provide a foundation for a number of his assertions. Moreover, George Mitchell's declaration does not even address the issues raised in this case. The individual declaration of Howard Johnson suffers from similar deficiencies and also bears no relation to the issues raised in this case.

On February 2, 1995, Kreisher filed a statement of material facts in accordance with Local Rule 7.4. The Boykins' response to Kreisher's statement of material facts is hopelessly defective. This Court's orders of April 19, 1995, May 3, 1995, and May 10, 1995, granting the Boykins' last three motions for extensions of time, each provided that the Boykins' response to the Defendants' statements of material facts comply strictly with Local Rule 7.4.

Local Rule 7.4 provides:

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

■ This Rule furthers the purpose of the summary judgment process in identifying material facts generally in dispute for which a trial is necessary.

■ The Court of Appeals for the Third Circuit has held that the non-moving party is obligated under these rules to identify those facts of record which would contradict the facts identified by the movant. A district court judge is not required to search through the record for facts which might support the respondents' claim. Allowing the non-moving party to rely on denials of those facts by referring to unidentified evidence provides an unworkable and illogical approach contravening the directive of Rule 56(e) requiring the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *See Childers v. Joseph,* 842 F.2d 689, 694–95 (3d Cir.1988).

■ Despite these requirements, the Boykins' statement of material facts is largely unresponsive to Kreisher's statement, provides additional irrelevant information, and routinely fails to provide any citation to the record for any of the facts they do allege. Moreover, the Boykins do not provide affirmative evidence to support their contentions. The Boykins' response is filled with unsupported speculation and hearsay. As a result, the Boykins should be deemed to have admitted all of Kreisher's material facts. To adopt any other approach places an undue burden on the Court and defense counsel to examine each page of the Boykins' documentation in order to determine whether the Boykins have created any dispute as to any material facts. This function and duty is one which the Boykins' counsel is obligated to fulfill.

Nevertheless, to the extent practicable, we did attempt to discern the Boykins' response to Kreisher's statement of material facts as well as search the record for facts which might support the Boykins' claims.

## II. Facts Which Are Generally Not in Dispute.

1. William S. Kreisher was the District Attorney for Columbia County, Pennsylvania, and acted in his capacity as District Attorney for Columbia County during the entire prosecution of Michael Boykin.

2. In early January, 1993, Kreisher was made aware of an investigation undertaken by the Bloomsburg University Police Force and the Pennsylvania State Police involving alleged criminal activity by Michael Boykin.

3. Certain facts were brought to the attention of Kreisher incident to his responsibilities as the prosecuting attorney in the case. The facts which were brought to Kreisher's attention were set forth in a Search Warrant Affidavit of Probable Cause. District Attorney Kreisher relied upon that information in his prosecution of the charges against Michael Boykin.

4. The charges lodged against Michael Boykin were filed by Pennsylvania State Trooper Thomas Lazicki, and included the following: rape; aggravated indecent assault; indecent assault; simple assault; and criminal attempt to commit rape.

5. The investigating law enforcement agencies, primarily the Pennsylvania State Police, and District Attorney Kreisher engaged a forensic hypnotherapist to assist the victim, Virginia McAfee, in recalling the events of the night of the alleged assault.

6. No hypnotically induced statements by the victim were proffered at trial in the case.

7. District Attorney Kreisher made the following statement at the press conference conducted on January 11, 1993, to announce Michael Boykin's arrest:

Today at 1:30 o'clock p.m. the Pennsylvania State Police from Bloomsburg barracks arrested Mr. Michael Reece Boykin, a 41 year old employee at . Bloomsburg University.

The Defendant has been charged with rape, attempted rape, aggravated indecent assault, indecent assault and simple assault as the result of an incident that allegedly occurred on December 18, 1992 on the upper campus of Bloomsburg University.

A cooperative police investigation team consisting of members of the Pennsylvania State Police and the Bloomsburg Town Police Department have extended the scope of the investigation of this incident to review if there is any connection between this incident and other sexual as-

saults reported during the past several months in the Bloomsburg area.

The administration of Bloomsburg University is cooperating in all respects with the investigative team.

The Defendant was preliminarily arraigned before Bloomsburg Magistrate, Donna Coombe at 3:00 o'clock p.m. this afternoon and bail was set at $75,000.00 Dollars. The preliminary hearing before the Magistrate involving these charges to determine if there is sufficient evidence to bind the matter over for trial has been scheduled for January 20 at 9:30 a.m.

The District Attorney's Office for Columbia County requests the assistance of any persons having knowledge, information or evidence concerning the alleged incident on December 18, 1992 or information pertaining to any of the other assaults.

As in any criminal case in this Commonwealth the criminal charges filed in this case are merely an accusation and the Defendant is presumed innocent until and unless proven guilty. A written statement of probable cause for arrest has been filed of public record with the Magistrate and without elaborating upon that document, I refer you to the information contained therein.

8. On January 20, 1993, District Attorney Kreisher was the prosecuting attorney at Michael Boykin's preliminary hearing. At this time, the Commonwealth presented the victim and three other witnesses in support of its prima facie case, all of whom were subject to cross examination by Robert S. Mirin, Esquire, counsel for Michael Boykin.

9. At the conclusion of the preliminary hearing, the Magistrate Judge made a determination that the Commonwealth had met its burden of establishing a prima facie case against Michael Boykin on all charges.

10. The Magistrate Judge made a determination that probable cause existed for the filing of all charges against Michael Boykin and he was bound over for trial.

11. By letter of May 5, 1993, Kreisher notified Mr. Mirin that DNA testing was unable to detect any semen belonging to Michael Boykin on the clothing of the victim.

Kreisher advised Mr. Mirin that he would nolle prosequi the rape and indecent assault charges which had been lodged against Michael Boykin.

12. After DNA samples of semen were scientifically tested, Michael Boykin was excluded as an individual who could have had condomless sexual intercourse with the victim during the period of time of the alleged assault. The rape charge against Michael Boykin was dropped prior to trial.

### III. Discussion.

■ Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is an extreme remedy and should not be granted when there is a disagreement about the facts or the proper inferences which a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982). "When a motion for summary judgment is made and supported as provided in ... [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed.R.Civ.P. 56(e). The adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. *Id.* Because summary judgment is a severe remedy, the Court should resolve any doubt about the existence of genuine issues of fact against the moving party. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

The United States Supreme Court has stated that in motions for summary judgment a material fact is one which might affect the outcome of the suit under relevant substantive law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court also stated in *Anderson* that a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genu-

ine issue for trial.'" *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

▪ Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325, 106 S.Ct. at 2553. The non-moving party then must make a sufficient showing as to the essential elements of his or her case that a reasonable jury could find in his or her favor. *Id.* at 322–23, 106 S.Ct. at 2552.

In light of these principles, we will now address Kreisher's motion for summary judgment.

In his motion for summary judgment, Kreisher alleges that there is no genuine issue as to any material fact and that he is entitled to summary judgment as a matter of law on Counts I, II and VI–X of the Boykins' complaint.

In their complaint, the Boykins allege, among other things, that agents for Bloomsburg University, agents for Bloomsburg City Police, agents for Kreisher, and agents for Pennsylvania Police Troop H negligently, recklessly, and falsely convened a press conference identifying Michael Boykin as the "serial rapist" of Bloomsburg.

The Boykins allege that Kreisher procured and introduced inadmissible hypnotically enhanced testimony and made prejudicial references to unsolved "serial rapes" at the preliminary hearing in order to persuade the district justice to bind Michael Boykin over to the Court of Common Pleas for trial on the charges, incarcerate him, and set a high bail.

The Boykins further allege that after the District Attorney's Office by letter addressed to Mr. Mirin dismissed charges of rape and indecent assault that were filed against Michael Boykin, Kreisher arbitrarily and maliciously sought to reinstate the charge of indecent assault on the day preceding trial.

We will first address Count I of the Boykins' complaint. Count I of the Boykins' complaint alleges that they were deprived of their right of full and equal benefit of all laws and proceedings for the security of persons and property in violation of 42 U.S.C. § 1981(a) through (c).

▪ 42 U.S.C. § 1981 forbids intentional discrimination based upon race in the making and enforcement of contracts. *Rogers v. Mount Union Borough by Zook,* 816 F.Supp. 308, 312 (M.D.Pa.1993) (Caldwell, J.). The term "make and enforce contracts" primarily includes the making, performance, modification, and termination of contracts. *Id.* However, § 1981 can encompass other broader conduct based upon racial discrimination. *Grier by Grier v. Galinac,* 740 F.Supp. 338, 342 (M.D.Pa.1990) (Caldwell, J.).

▪ Liability under § 1981 is personal in nature, much like under § 1983, and cannot be imposed vicariously. Because liability is premised upon intentional discrimination, personal involvement of a defendant is essential. *See Jett v. Dallas Independent School District,* 491 U.S. 701, 735, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989); *See also General Building Contractors Association, Inc. v. Pennsylvania,* 458 U.S. 375, 392–397, 102 S.Ct. 3141, 3150–3153, 73 L.Ed.2d 835 (1982). Conclusory allegations of generalized racial bias do not establish discriminatory intent. *Flagg v. Control Data,* 806 F.Supp. 1218, 1223 (E.D.Pa.1992) (Katz, J.).

▪ The Boykins have presented nothing more than conclusory allegations that the race of Michael Boykin played a part in Kreisher's conduct. There is simply no evidence that the race of Michael Boykin was a factor in the conduct of Kreisher. We are of the view that Kreisher is entitled to summary judgment on Count I of the Boykins' complaint.

We will now address Count II of the Boykins' complaint. Count II contends that the Defendants' conduct constituted ongoing state action, a conspiracy, and a repeated course of state action under statute, ordinance, regulation, custom, or usage of the

Commonwealth of Pennsylvania. This conduct allegedly caused the Boykins to suffer loss of rights established under the Constitution, including the rights to due process and equal protection in violation of 42 U.S.C. § 1983.

■ It is well established that a state prosecuting attorney is absolutely immune from liability under 42 U.S.C. § 1983 for his actions in initiating and presenting a criminal prosecution. *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).

The holding in *Imbler* was premised on the fact that a prosecutor's absolute immunity when conducting functions "intimately associated with the judicial phase of the criminal process" was recognized at common law. *See also Burns v. Reed,* 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). After *Imbler,* prosecutors have been consistently protected by absolute immunity when their conduct involves the performance of duties in their role as advocates for the state, including actions preliminary to the initiation of a prosecution and actions apart from the courtroom. *See Mancini v. Lester,* 630 F.2d 990, 993 (3d Cir.1980); *See also Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981).

■ We are of the view that District Attorney Kreisher is entitled to absolute immunity for his participation in securing hypnotically enhanced testimony.

■ Even if we were to entertain the Boykins' suggestion that Kreisher is not entitled to absolute immunity for his participation in securing hypnotically enhanced testimony, Kreisher would be entitled to qualified immunity. In order to hold Kreisher liable, the Boykins must override his qualified immunity by showing that, as a government official acting in a discretionary capacity, Kreisher violated a clearly established statutory and constitutional right of which he should have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ Pennsylvania law does not clearly prohibit hypnotized testimony or the gathering of such evidence. The process of hypno-

sis does not per se invalidate the competency of a witness's testimony. *See Commonwealth v. DiNicola,* 348 Pa.Super. 405, 502 A.2d 606, 610 (1985). *See also Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16, 23 (1989). Because Pennsylvania law allows such testimony to be used in certain circumstances, Kreisher did not act in clear violation of state law. We are of the view that Kreisher is likewise protected from liability by qualified immunity. *See Haynes v. Van de Kamp,* 1992 WL 60475, 1992 U.S.App. LEXIS 6040 (9th Cir.).

■ We now address the Boykins' claim that Kreisher violated the Boykins' civil rights by the statements he made to the press. The United States Supreme Court has held that a prosecutor is entitled only to qualified immunity when the prosecutor acts in an administrative or investigatory capacity. The Court also held that comments to the media are not necessarily a prosecutorial function, and they are therefore entitled only to qualified immunity. *Buckley v. Fitzsimmons,* — U.S. —, —, 113 S.Ct. 2606, 2616, 125 L.Ed.2d 209 (1993). The determination of whether the actions of Kreisher violated any clearly established statutory or constitutional rights is a pure question of law. *See Medina v. City and County of Denver,* 960 F.2d 1493, 1497 (10th Cir.1992). Kreisher's statements to the press did no more than indicate the charges which had been brought against Michael Boykin and the fact that the police were exploring a possible link between Michael Boykin's arrest and other rapes which had been committed in the Bloomsburg area.

In *Latimore v. Widseth,* 7 F.3d 709 (8th Cir.1993), the Court of Appeals for the Eighth Circuit considered the qualified immunity defense of a state prosecutor who was being sued for statements he made to the press concerning an alleged murderer. The Court stated that the prosecutor revealed no more to the media than could be found in the public record. *Latimore,* 7 F.3d at 712–713. Moreover, the Court said that the Plaintiff had no constitutional right, even vaguely established, to have withheld from the media truthful matters of public record. *Id.* Finally, the Court noted that no prosecutor would

have been aware of such an established right. *Id.*

All statements made by District Attorney Kreisher regarding the scope of the investigation were true. Similarly, all statements made incident to the Virginia McAfee investigation were matters of public record. As such, we are of the view that no constitutional right of the Boykins has been violated by the actions of District Attorney Kreisher in this respect. We will grant Kreisher's motion for summary judgment with respect to Count II of the Boykins' complaint.

We will now address Count X of the Boykins' complaint. Count X of the Boykins' complaint alleges violations of the Boykins' first, fourth, fifth and fourteenth amendment rights under the United States Constitution. Count X is directed towards the individual State Police Defendants who were previously dismissed from this case. Count X was added to the complaint when the Boykins filed a second complaint which named the individual State Police Officers previously identified as John Doe State Police Officers in the Boykins' original complaint. Although Count X is not applicable to Kreisher, we will address it anyway because the Boykins' pleading deficiencies result in generalized allegations of constitutional violations against all Defendants.

As previously discussed in this order, the actions of District Attorney Kreisher did not violate any constitutional rights of the Boykins. We are of the view that the facts in this case fail to establish any cause of action against District Attorney Kreisher under the United States Constitution. We will grant summary judgment on Count X as to Kreisher.

▇▇▇▇ Furthermore, only persons actually deprived of their civil rights can address such rights in a civil rights action. *See O'Malley v. Brierley,* 477 F.2d 785, 789 (3d Cir.1973). The Boykins have presented no evidence that Kreisher took any action against either Margaret or Aaron Boykin. Thus, there is no basis for a cause of action by either Margaret or Aaron Boykin under federal law.

We will now address the Boykins' claims under state tort law. Counts VI through IX allege state tort actions brought pursuant to this Court's pendent jurisdiction. The Boykins allege claims of false imprisonment, defamation, invasion of privacy, and malicious prosecution.

Counts I–IV and Count X of the Boykins' complaint are the only bases for federal subject matter jurisdiction. Because we will grant Kreisher's motion for summary judgment as to the federal claims asserted in Counts I and II and Count X of the Boykins' complaint, we will remand all of the pendent state claims to the Court of Common Pleas of Columbia County. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

We will defer the entry of judgment by the Clerk so as not to prejudice any person or persons who may wish to file an ancillary motion or motions prior to entry of judgment.

An appropriate order will be entered.

### ORDER

1. Defendant William Kreisher's motion for summary judgment filed on January 31, 1995, is granted with respect to Counts I and II and Count X of the Boykins' complaint.

2. The Clerk of Court shall enter judgment two weeks from today on behalf of Defendant William S. Kreisher and against the Plaintiffs Michael R. Boykin, Margaret L. Boykin, and Aaron M. Boykin.

3. This case is remanded to the Court of Common Pleas of Columbia County, Pennsylvania.

4. The Clerk of Court shall send a copy of this order to the Prothonotary of Columbia County.

5. The Clerk of Court shall close this file.